IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE HOOVER, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:18-cv-419 |
| ) | |
| vs. ) | |
| ) | |
| DANA CORPORATION and ) | |
| CAREWORKS ABSENCE MANAGEMENT ) | |
| /YORK RISK SERVICES GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, George Hoover, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, George Hoover, is a resident of Whitley County in the State of Indiana and an employee of Defendant.

2. Defendant, Dana Incorporated (hereinafter referred to as "Dana"), is an employer as defined by 42 U.S.C. §12101 and 29 U.S.C. §2601, *et. seq.*, which conducts business in the State of Indiana.

3. Defendant, Careworks Absence Management, now doing business as York Risk Services Group, Inc., (hereinafter "York Risk") is a foreign corporation doing business in the State of Indiana.

3. Mr. Hoover filed a Charge of Discrimination (Charge No. 470-2018-02441) with the Equal Employment Opportunity Commission on or about April 23, 2018, *inter alia*, alleging that Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101.

4. The Equal Employment Opportunity Commission issued to Mr. Hoover a 90-day Right to Sue letter on September 24, 2018,

5. Mr. Hoover invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a fifty-eight-year-old man with a disability, is employed by the Defendant as a machinist since 1995.

8. Plaintiff's neck and back condition limits his major life activities.

9. Plaintiff is approved for and utilizes family medical leave for his neck and back condition.

10. Plaintiff's doctor has issued work restrictions for the Plaintiff, limiting him to eight (8) hour work days and a forty (40) hour work week, but Defendant denied Plaintiff's restrictions.

11. Defendant has always been lax in enforcing its attendance policy, but after Plaintiff's restrictions were denied, Defendant began to strictly enforce its policy against the Plaintiff.

12. Defendant hired Careworks Absence Management, now doing business as York Risk Services Group, Inc. ("York Risk") to review Plaintiff's FMLA request and York Risk deleted information from the claim forms.

13. Plaintiff informed Defendant that York Risk altered the forms but no action was taken.

## Count I
## ADA - Dana

14. Plaintiff incorporates by reference paragraphs one (1) thirteen (13) above.

15. Plaintiff suffers from a disability and/or perceived disability that affects one or more of his major life activities, specifically Plaintiff suffered from a neck and back condition.

16. Plaintiff's physician issued Plaintiff a work restriction limiting Plaintiff to eight (8) hour work days as an accommodation for his disabilities.

17. Defendant denied Plaintiff's accommodation and is now strictly enforcing an attendance policy that was never strictly enforced in the past.

18. As a result of the foregoing, Mr. Hoover suffered damages, including but not limited to, emotional distress, stress, anxiety, lost wages and benefits, liquidated damages and attorney fees.

19. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count II
## FMLA - Dana

20. Plaintiff incorporates by reference paragraphs one (1) through nineteen (19) above.

21. During his employment with Defendant, Plaintiff applied for and was approved for Family Medical Leave.

22. Plaintiff suffered an adverse employment action when Defendant forced him to use and exhaust his family medical leave to cover overtime assignments rather than use it specifically for his disabilities.

23. Plaintiff:

   A. Was treated less favorably than employees who had not requested or were not in need of leave under the FMLA; or

   B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

   C. Suffered an adverse employment decision for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

24. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Count III
Intentional Interference with a Business Relationship – York Risk

25. Plaintiff incorporates by reference paragraphs one (1) through twenty-four (24) herein.

26. Plaintiff by way of his employment status with Defendant Dana Corporation has a valid business relationship with Dana Corporation.

27. Defendant, York Risk, being contracted by Dana Corporation to manage it family medical leave, had knowledge of Plaintiff's relationship with Dana Corporation.

28.  Defendant, York Risk, interfered with Plaintiff's business relationship with Dana Corporation by intentionally failing to report restrictions that were certified by Plaintiff's doctor as part of the process of certifying Plaintiff's need for family medical leave.

29. As a result of the foregoing, Mr. Hoover suffered damages, including but not limited to, emotional distress, stress, anxiety, lost wages and benefits, liquidated damages and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for damages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE

1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax